S08Y1744. IN THE MATTER OF GARY DALE SIMPSON.
(668 SE2d 243)

PER CURIAM.

This disciplinary matter is before the Court on the report and recommendation of Curtis Lewis Hubbard, Jr., special master, recommending a four-year suspension for Gary Dale Simpson's violations of Bar Rules 1.3, 1.15 (I) (a), 1.15 (I) (b), 1.15 (II) (a), 1.15 (II) (b), 8.4 (a) (1), and 9.3 of the Rules of Professional Conduct found in Bar Rule 4-102 (d).

---

After the State Bar filed three separate formal complaints against him, Simpson filed a petition for voluntary discipline in which he sought to resolve all the matters and in which he sought a three-year suspension, retroactive to the interim suspension imposed on December 28, 2005, in S06Y0595. We rejected that petition on February 11, 2008, in part because, among other things, Simpson did not explain how his alleged mental impairment caused him to commit the admitted violations and because Simpson's restitution was indifferent, incomplete, and inadequate, S07Y1031. Simpson filed this petition for voluntary discipline, as amended, in which he now requests a four-year suspension with conditions.

Based on Simpson's admissions, the special master found, with regard to State Disciplinary Board Docket No. 5037, that Simpson's trust account for First American showed a shortage of approximately $300,000, according to First American's audit. Simpson failed to render a full accounting, and under an agreement, Simpson is paying restitution to First American and is cooperating with First American's requests for information. With regard to Docket No. 5038, the master found that in December 2004 and January 2005 Simpson wrote three checks, totaling approximately $3,000, on his trust account for which there were insufficient funds and the documents attached to the petition support Simpson's claim that he has reimbursed the affected parties. With regard to Docket No. 5039, the master found that, while acting as the closing attorney for the purchase of real property, Simpson failed to obtain title insurance or return the funds collected for such purpose and failed to timely file the warranty deeds, but eventually filed the deeds and returned the funds. Additionally, Simpson failed to file sworn responses to the three Notices of Investigation served by the State Bar.

Simpson states that he lacked the intent to violate the rules, because he is suffering from a mental impairment, Adult Attention Deficit Disorder and Executive Dysfunction, which affected his ability to comply with the rules, and that he is receiving treatment for the disorder. In an affidavit attached to the petition, Simpson's treating psychiatrist states that Simpson's disability affects plan execution and that he doubts Simpson "is capable of carrying out the manipulation of the escrow account due to his learning disability. It would require too much coordinated forethought."

Having reviewed the records in these cases, we adopt the special master's recommendations and hereby direct that Simpson be suspended from the practice of law for four years. Additionally, Simpson's readmission is contingent upon findings by the Review Panel of the State Bar of Georgia that Simpson has continued to receive evaluation and treatment by a physician and that Simpson has provided certification from a board certified psychiatrist indicating

that he is coping with his impairment, is no longer impaired, and is fit to return to the practice of law. Further, the Review Panel must concur with the psychiatrist's certification and Simpson must be current with his restitution payments to First American. Simpson is reminded of his duties pursuant to Bar Rule 4-219 (c).

*Four-year suspension with conditions. All the Justices concur, except Hunstein, P. J., who dissents.*

HUNSTEIN, Presiding Justice, dissenting.

In light of Simpson's repeated violations of ethical standards, I conclude that the imposition of only a four-year suspension on Simpson's practice of law would be detrimental to the public and to the legal profession. Because I would disbar Simpson from the practice of law in Georgia, I must respectfully dissent from the majority's opinion.